UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 06-02808-TBB-11 |
| J. GORDON GAINES, INC., | ) | |
| | ) | |
| Debtor. | ) | Judge Thomas B. Bennett |
| | ) | |

## ORDER CLOSING BANKRUPTCY CASE OF
## J. GORDON GAINES, INC. AND FINAL DECREE

Kevin O'Halloran, the Plan Trustee for the Debtor J. Gordon Gaines, Inc. (the "Debtor"), having filed Debtor's Motion for Entry of Final Decree Closing Chapter 11 Case and Other Related Relief (the "Motion") on November 25, 2008 [Docket No. 446], seeking entry of an order and final decree closing this Chapter 11 case pursuant to Section 350 of the Bankruptcy Code and Bankruptcy Rule 3022; and it appearing that due and adequate notice of the Motion has been given, and that no other or further notice need be given; and a hearing having been held before the Court on the Motion on December 18, 2008; and the Court having found (i) that the Debtor's estate has been "fully administered" under Section 350 of the Bankruptcy Code and Bankruptcy Rule 3022 and (ii) that the amounts of the professional fees and expenses set forth below are fair and reasonable, and final approval of such professional fees and expenses is appropriate and authorized; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED that:

1. The Motion is granted and is approved as the final report of the Plan Trustee with respect to his administration of the Third Amended Chapter 11 Plan of Liquidation of J. Gordon

Gaines, Inc. (the "Plan"). All capitalized terms used in this Order, unless otherwise defined herein, shall have the meanings ascribed to such terms in the Motion.

2. This Chapter 11 bankruptcy is hereby closed, and this Order shall also constitute a Final Decree in this case.

3. By no later than January 30, 2009, the Debtor shall (i) pay to the Clerk of the Court the amount of unpaid quarterly fees that the Debtor has accrued during the quarter ending December 31, 2008, and (ii) file with the Court, and serve upon the Bankruptcy Administrator, the Quarterly Fee Statement for the quarter ending December 31, 2008. No quarterly fees shall accrue in this case after December 31, 2008.

5. The entry of this Order, and the closing of the case pursuant to this Order, shall not (i) effect a dissolution of the Debtor or (ii) impair the right and ability of the Plan Trustee, the Debtor, or any of their respective assignees or designees to pursue any claims of the Debtor's estate and to commence, prosecute and resolve any litigation with respect to such claims in accordance with the Plan, including, without limitation, the litigation styled as <u>J. Gordon Gaines, Inc. and Kevin O'Halloran, as Plan Trustee for Bankruptcy Estate of J. Gordon Gaines, Inc. v. ITAC Solutions, Inc.</u>, Civil Action No. CV 2008-02467, pending in the Circuit Court of Jefferson County, Alabama.

6. With respect to the Paid Post-Confirmation Compensation, final Court approval is hereby given to the fees and expenses set forth below:

| | |
|---|---|
| Plan Trustee | $88,524.50 |
| PHRD | $343,694.60 |
| Johnson Barton | $210,749.02 |
| Balch and Bingham | $77,470.24 |
| Stichter Riedel | $7,030.76 |

1001170_2

With respect to the Unpaid Post-Confirmation Compensation, final Court approval is hereby given to the following amounts:

| | |
|---|---|
| Plan Trustee | $112,000.00 |
| Johnson Barton | $6,716.11 |

The Plan Trustee is authorized and directed to pay such Unpaid Post-Confirmation Compensation in the ordinary course of managing the Debtor's estate. As to any additional professional fees and expenses incurred by the Debtor's estate, the Plan Trustee is authorized and directed to pay such additional professional fees and expenses in such amounts and at such times as the Plan Trustee in his discretion deems appropriate in the ordinary course of managing Debtor's estate, without any further notice to any party in interest or to the Court and without any further order of the Court.

7.  Notwithstanding the closing of this case, the Court shall retain jurisdiction over all matters affecting, or relating to, the discharge injunction set forth in the Plan, any Orders entered in the case governing rights of parties in interest and rights in property of Debtor's estate, and to the extent necessary to carry out the provisions of this Order.

Dated: December 18, 2008.

THOMAS B. BENNETT
United States Bankruptcy Judge

1001170_2